FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

January 26, 2012

Elisabeth A. Shumaker
Clerk of Court

---

In re:

GARY D. DEWILLIAMS,

    Movant.

No. 11-1575
(D.C. No. 1:88-CR-00064-ZLW-1)
(D. Colo.)

---

**ORDER**

---

Before **BRISCOE**, Chief Judge, **KELLY** and **HOLMES**, Circuit Judges.

---

    Gary deWilliams,[1] proceeding pro se, moves for authorization to file a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We deny authorization.

    In 1988, Mr. deWilliams pleaded guilty to bank robbery and making false statements. He was sentenced to twenty-five years' imprisonment. Three weeks later, the district court entered a clarification of judgment indicating that the sentence was imposed under the law in effect before the sentencing guidelines based on the court's determination that the guidelines were unconstitutional. In January 1989, the Supreme Court upheld the constitutionality of the guidelines in

---

[1] Mr. deWilliams has sometimes been referred to in court documents as Mr. DeWilliams. Because he uses Mr. deWilliams in his motion for authorization, we will do so too.

*Mistretta v. United States*, 488 U.S. 361 (1989). This court affirmed Mr. deWilliams's conviction in 1990, and the Supreme Court denied certiorari, *DeWilliams v. United States*, 496 U.S. 911 (1990).

Many years later, in August 2005, Mr. deWilliams filed a § 2255 motion and motion for coram nobis, relying on *Mistretta* and seeking resentencing under the guidelines. *See United States v. deWilliams*, 178 F. App'x 819, 820 (10th Cir. 2006). The district court denied § 2255 relief as time-barred and the coram nobis motion as an improper attempt to circumvent § 2255 time limits. *See id.*

Less than a month later, Mr. deWilliams filed in district court a motion to correct an illegal or unauthorized sentence under Fed. R. Crim. P. 35(a), asserting the same claims concerning his pre-guidelines sentence that he had asserted in his § 2255 and coram nobis motions. The court denied the motion to correct the sentence, and this court affirmed. *deWilliams*, 178 F. App'x at 821.

Thereafter, Mr. deWilliams filed a petition for a writ of mandamus, asking this court to order the district court to vacate his sentence and to resentence him under the guidelines. This court denied mandamus relief, concluding that Mr. deWilliams could have challenged his sentence on direct appeal or through a timely § 2255 motion.

In December 2007, Mr. deWilliams filed in district court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court dismissed, determining that he was attacking the validity, rather than the execution, of his

sentence and was simply trying to avoid the time bar of § 2255. On appeal, this court vacated the district court's judgment because that court lacked jurisdiction to consider a second or successive § 2255 motion. *DeWilliams v. Davis*, 369 F. App'x 912, 914 (10th Cir. 2010). This court then construed Mr. deWilliams's notice of appeal and appellate brief as an application for leave to file a second or successive § 2255 motion and denied leave. *Id.* at 914-15.

In April 2008, Mr. deWilliams filed a motion to amend or modify his sentence based on *Mistretta*. Recognizing that the motion contained the same arguments presented in the § 2255 motion and the motion to correct an illegal or unauthorized sentence, the district court denied the motion as a time-barred § 2255 motion. On appeal, this court decided the pleading was an unauthorized second or successive § 2255 motion. *United States v. DeWilliams*, 299 F. App'x 801, 804 (10th Cir. 2008).

In October 2009, Mr. deWilliams filed another § 2241 habeas corpus application in district court and a motion to supplement, again arguing, in part, that his sentence was not calculated under the sentencing guidelines. Because he was attacking the validity of his sentence in the motion to supplement, the court denied that motion.

In February 2011, Mr. deWilliams filed in district court another § 2241 application, asserting that (1) the district court had no authority to alter and issue a clarification of judgment concerning the decision not to apply the sentencing

guidelines; (2) the clarification order improperly and materially altered all of his federal records; and (3) the clarification order prejudiced and changed his relationship with the prosecutor who offered him a plea bargain.  The court again recognized that Mr. deWilliams was attacking his 1988 conviction and sentence and that his remedy was under § 2255.  Because he had not sought authorization from the Tenth Circuit, and none of the relevant factors set forth in *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam) that might favor a transfer to the Tenth Circuit were met, the district court dismissed the application for lack of jurisdiction.[2]

Mr. deWilliams now seeks authorization to file a second or successive § 2255 motion.  We will grant authorization only if he makes a prima facie showing of either

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

---

[2] Before the court entered its dismissal order, Mr. deWilliams filed a petition for a writ of mandamus in district court.  The court dismissed the action as frivolous and yet another attempt by him to challenge his 1988 conviction and sentence.

Mr. deWilliams seeks authorization to assert claims primarily concerning his 1988 sentence: (1) the *Mistretta* decision was previously unavailable to him; (2) his case was on direct appeal and not final when *Mistretta* was decided; (3) his guilty plea was not intelligently, knowingly, or voluntarily made because he was never informed about the difference between pre-guidelines and guidelines sentencing law; (4) his trial counsel was ineffective with regard to his sentence during plea negotiations, at the change of plea hearing, and during sentencing, and counsel acted under a conflict of interest; (5) the prosecutor breached the plea agreement by failing to ensure a limited sentence under the guidelines; (6) the district court was biased regarding sentencing law; (7) the district court lacked jurisdiction to enter the clarification of judgment because he had already filed a timely notice of appeal; (8) his appellate counsel was ineffective for failing to raise sentencing issues; and (9) his sentence is unconstitutional. Although Mr. deWilliams concedes only that claims (1), (2), and (8) were raised previously, all of his other claims concern his pre-guidelines sentence and are versions of claims he has presented previously in his many attempts to have his sentence changed to a guidelines sentence.

Furthermore, none of Mr. deWilliams's claims meets the new law or new facts requirement of § 2255(h). *Mistretta* is not a new rule of constitutional law, because it was available during his direct appeal and long before he filed his first § 2255 motion.

Nor does Mr. deWilliams provide new facts showing his actual innocence. He suggests that his arguments are based on newly discovered evidence because he did not obtain copies of his sentencing transcript until 2011. His recently-obtained transcript is not newly discovered evidence, because it was available on direct appeal. Additionally, Mr. deWilliams does not claim that he is actually innocent of robbery or of making false statements. And the "newly discovered evidence exception . . . does not apply to claims asserting sentencing error." *In re Dean*, 341 F.3d 1247, 1248 (11th Cir. 2003); *see also United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993) (recognizing that actual innocence does not apply to non-capital sentencing challenges); *In re Vial*, 115 F.3d 1192, 1198 (4th Cir. 1997) (en banc) (holding that new evidence provision "applies only to challenges to the underlying conviction; it is not available to assert sentencing error"); *Hope v. United States*, 108 F.3d 119, 120 (7th Cir. 1997) ("We conclude that a successive motion . . . may not be filed on the basis of newly discovered evidence unless the motion challenges the conviction and not merely the sentence.").

Accordingly, we DENY Mr. deWilliams authorization to file a second or successive § 2255 motion. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E). Mr. deWilliams's motion to file an oversize

memorandum of law is GRANTED.  We warn Mr. de Williams that we will impose sanctions if he continues to challenge his 1988 sentence.

                        Entered for the Court,

                        ELISABETH A. SHUMAKER, Clerk